# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

STEVEN HALL                                                                                    PETITIONER

v.                                                                                    No. 2:04CV114-P-A

STATE OF MISSISSIPPI                                                                          RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the state's January 12, 2005, motion to dismiss the instant *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 for failure to exhaust state remedies. The petitioner has not responded. The matter is ripe for review. For the reasons set forth below, the court shall grant the state's motion to dismiss.

## Discussion

The petitioner filed the instant petition for writ of *habeas corpus* under 28 U.S.C. § 2254 on January 12, 2005, arguing that his incarceration in the state of Indiana at the time led to a violation of his right to a speedy trial. He has since been transported to DeSoto County, Mississippi, to face the charges he now contests: two counts of sale of cocaine and one count of possession of cocaine. He filed a Motion for a Fast and Speedy Trial in the Desoto County Circuit Court on May 5, 2003. On December 15, 2003, he filed a "Verified Motion For Discharge Due To Lack Of Fast And Speedy Trial." He then petitioned the Mississippi Supreme Court for a writ of mandamus on his motion for a speedy trial, and, on April 1, 2004, the Mississippi Supreme Court dismissed the writ, holding that "Hall fails to demonstrate that he has filed a request that the motion be heard by the trial court and/or that the motion has been take under advisement." The petitioner has not filed any paper to facilitate a hearing on his motion for a speedy trial since entry of that order.

Although the petitioner was incarcerated as a convicted felon in the state of Indiana, he is a pre-trial detainee for the purposes of his charges pending in Mississippi. The court shall thus analyze the instant petition under 28 U.S.C. § 2241 (the federal statute governing **general** *habeas corpus* claims) rather than § 2254 (the statute governing *habeas corpus* claims challenging state *judgments*).[1] While § 2241 is a source of *habeas corpus* review for state pretrial detainees, a petitioner must satisfy two requirements before a federal court may proceed with such a claim. First, the petitioner must be "in custody." 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 848 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). Second, the petitioner must have exhausted all available state remedies. *Id.* at 225; *see also Moore v. United States*, 875 F.Supp. 620 (D.Neb. 1994) (citing *Dickerson v. State of La., supra).*

The petitioner is currently in the custody of the DeSoto County Sheriff's Department in Hernando, Mississippi; as such, he meets the "in custody" requirement of 28 U.S.C. § 2241. He has not, however, been tried on the charges in question. Further, as discussed above, he has not presented his request for a speedy trial to the Mississippi Supreme Court in a procedurally proper manner. As such, he has not satisfied the exhaustion requirement prior to seeking federal *habeas corpus* relief.

"[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127,

---

[1] The petitioner lists one count of sale of cocaine and one count of assault on a police officer as the crimes on which be bases his petition for a writ of *habeas corpus*. According to the Desoto County District Attorney's Office, however, the petitioner has the following three charges pending in Desoto County: one count of possession of cocaine (Case #2002-690RD) and two counts of sale of cocaine (Case #2002-561RD).

35 L.Ed.2d 443 (1973). "[N]othing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493, 93 S.Ct. at 1129. The instant petition is clearly premature, as the appropriate forum for the petitioner's speedy trial claim at this juncture is the state court. The *Braden* holding "should not be construed as authorizing pretrial *habeas* interference by federal courts in the normal functioning of a state's criminal processes." *Dickerson v. State of La.*, 816 F.2d at 226. That is precisely what the petitioner has requested this court to do. The court declines the invitation.

The petitioner in this case has clear avenues of redress in state court. He must use them before pressing his claim here. As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 shall be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of May 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE